United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>        Defendants.<br>                                / | No. CR 09-00110 SI<br><br>**ORDER GRANTING IN PART DEFENDANT LAI-JUH CHEN'S MOTION FOR EARLY DISCLOSURE OF GOVERNMENT WITNESSES** |

      Defendant Lai-Juh Chen has filed a motion for early disclosure of the government's witnesses,[1] requesting that the Court order the government to disclose the witnesses it intends to call at trial by August 1, 2011. The Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for July 15, 2011. Having considered the arguments presented in the moving papers, the Court GRANTS IN PART defendant's motion. The government must make a good-faith disclosure of its intended witnesses by September 30, 2011.

      Both parties agree that this Court has discretion to schedule the pretrial disclosure of the government's witnesses. *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-513 (9th Cir. 2008) (en banc). Currently, the government must disclose its witnesses by October 21, 2011, approximately three weeks before trial is scheduled to begin. Chen argues that the massive size of this litigation necessitates an earlier disclosure – under the current deadlines, he claims defendants will suffer "trial by ambush." Motion at 2. The government argues that defendants have had access to a mountain of information about this case for the past two years, and that the multiple plea agreements the government

---

[1] Defendants Tsannrong Lee, Hsuan Bin Chen, Shiu Lung Leung, and Hui Hsiung have joined in Lai-Juh Chen's request.

has obtained identify the pool of witnesses the government is likely to call at trial.

The Court agrees with Chen that the complexity of this case warrants an earlier disclosure deadline. The conspiracy charged in this indictment lasted at least five years, involved six major international corporations, and took place largely overseas. According to the government's most recent estimate, the conspiracy had an effect of $500,000,000 on the American economy. In addition to the evidence uncovered in the government's investigation, defendants must contend with the discovery produced in the civil MDL. According to Chen, that case has involved well over 100 depositions and has resulted in 42 million pages of discovery, much of which is in a foreign language.

While the Court agrees that the magnitude of this case warrants an earlier disclosure deadline, it cannot agree with Chen's proposed disclosure date of August 1, 2011. The voluminous discovery produced in this case and the public guilty pleas of a number of companies and individuals have undoubtedly made defendants aware of the government's likely witnesses, as well as the nature of their likely testimony. In addition, the government has already disclosed to defendants fifteen witnesses that it intends to call at trial.

The Court finds that advancing the disclosure deadline three weeks, resulting in disclosure six weeks before trial, will address the concerns Chen has raised. Accordingly, IT IS HEREBY ORDERED THAT:

By **September 30, 2011**, the government shall make a good-faith disclosure of the witnesses it may call at trial, together with a brief summary of the testimony of each. The government shall provide defendants with a final list of witnesses in accordance with the schedule set forth in this Court's June 7, 2011, pretrial order. (Docket Nos. 328, 329, 334, 341, and 347)

**IT IS SO ORDERED.**

Dated: July 13, 2011

SUSAN ILLSTON
United States District Judge