**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-110 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| AU OPTRONICS CORPORATION, et al., | |
| Defendant. | |

On December 13, 2011, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning January 9, 2012. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 12 members, with 6 alternates. The plaintiff shall have 9 peremptory challenges; defendants jointly shall have 13 peremptory challenges; and each defendant shall have one additional individual peremptory challenge.

2. **Voir dire**: The panel of time-qualified jurors shall be given a questionnaire (previously agreed by the parties and the Court) on January 5, 2012. The parties are responsible for providing 150 copies of the blank questionnaires to the Jury Commissioner David Weir on January 3, 2012. Counsel may pick up the completed questionnaires from Mr. Weir at close of business on January 5, 2012 and

1  shall return the original questionnaires plus two sets of copies back to Mr. Weir by January 6, 2012 at
2  10:00 a.m.   On the first day of trial, January 9, 2012, the Court will conduct general voir dire, and
3  counsel for the parties shall have a limited opportunity to question the panel.  The Court encourages the
4  parties to agree in advance, if they can, on any challenges for cause suggested by the completed
5  questionnaires.

7  3.  **Trial schedule**: The Court generally hears jury trials Monday through Thursday; the
8  Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on
9  Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30
10 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

12 5.  **Trial exhibits**:  No later than January 5, 2012, the plaintiff shall submit its trial exhibits,
13 in binders with numbered tabs separating and identifying each exhibit.  The court shall be provided with
14 three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

16 6.  **Motions in limine**:   At the pretrial conference, a number of motions in limine were
17 discussed, as follows:

19 **Plaintiff's motions**
20 <u>No. 1, to exclude testimony of Dale Carlson:</u> Briefing was not complete at the time of
21 the pretrial conference.  The matter will be deferred until briefing is completed.
22 <u>No. 2, to exclude testimony of Drs. Gold and Guthrie:</u>  Briefing was not complete at the
23 time of the pretrial conference.  The matter will be deferred until briefing is completed.
24 <u>No. 3, to exclude testimony of Ross Young:</u> Denied at this time, as premature, without
25 prejudice to specific objections to specific questions at time of trial.
26 <u>No. 4, to admit guilty pleas, plea agreements and nonprosecution agreements:</u> Such
27 agreements may not be used or admitted as substantive evidence of defendants' guilt.  The plaintiff may
28 refer to such agreements in its direct examination of witnesses subject to such agreements, save such

**United States District Court**
For the Northern District of California

portions of the agreements as might boost credibility. In all other respects, this motion is denied without prejudice to renewal, on a case by case basis, during trial.

No. 5, to prohibit defendants from introducing evidence or arguing that defendants' agreements were reasonable or had business justification: Price fixing is *per se* illegal, and defendants may not argue that price fixing activities are legal because they are profitable or have reasonable business justifications. In other respects, this motion is denied without prejudice to specific objections at time of trial.

No. 6, that certified copies of public documents filed by AUO and AUOA with the SEC and State of California are admissible: Most such documents are likely to be self-authenticating and, if relevant, admissible. However, it is not made clear by the motion which specific documents are being offered. As such, the motion is denied without prejudice to renewal at time of trial as to specific documents.

No. 7, for pretrial ruling on admissibility of data compilations of daily curency exchange rates maintained by the Federal Reserve: Such data compilations are likely to be self-authenticating and, if relevant, admissible. However, it is not made clear by the motion what specifically is being offered. As such, the motion is denied without prejudice to renewal at time of trial as to specific information. The parties are urged to confer with one another concerning the specific data compilations involved.

No. 8, to prohibit defendants from cross-examining prosecution witnesses with FBI 302s and interview notes: Denied, without prejudice to specific objections to trial techniques or practices, as appropriate.

No. 9, to prohibit defendants from playing video depositions at trial, due to delay: Denied, without prejudice to renewal should testimony become unfairly time consuming.

No. 10, to prohibit evidence or arguments re jury nullification or punishment: Granted in general, except that the amount of cartel profits and fines may be discussed.

No. 11, to prohibit defendants from introducing evidence or argument that defendants did not intend to violate the law or were ignorant of the law: The jury will be instructed as to the appropriate mental states required. As to evidence concerning what defendants did in fact know, this

motion is denied.

### Defendants' motions

<u>Lai-Juh Chen motion for disclosure of Samsung presentence report:</u> After *in camera* review, the Court finds no evidence in it requiring production under Jencks or otherwise. The motion is accordingly denied.

<u>Lai-Juh Chen motion to admit character evidence:</u> Motion to admit evidence concerning reputation for law-abidingness is granted. The balance, concerning truthfulness, is deferred to time of trial, to determine whether it would be relevant to any evidence produced.

<u>AUO motion to exclude evidence of post-hoc promotions:</u>  Denied.

<u>AUO motion to exclude evidence of defendants' stock holdings:</u>  Denied.

<u>AUO motion to exclude lay opinion testimony as to defendants' state of mind:</u>  Denied without prejudice to specific objections at trial. Testimony concerning lay witnesses' observations of defendants' behavior may be admissible, if relevant.

<u>AUO motion to bar testimony re destruction of evidence</u>: Denied without prejudice to specific objections at time of trial.

<u>AUO motion to exclude evidence of pre-conspiracy events:</u> Denied without prejudice to specific objections at time of trial.

**7.    Other motions and notices**:

Plaintiff filed notices of: (1) intent to introduce and admit demonstrative/summary charts under FRE 611(a); (2) intent to introduce and admit summary charts under FRE 1006; and intent to introduce business records under FRE 803(6) and 902(1). As to the first two notices, no ruling is sought at present. As to the third, plaintiff requests a ruling that such business records are admissible. The records all relate to corporate records reflecting purchase and sales data. If properly certified and relevant, such records will be admitted.

In addition, the parties filed motions concerning preliminary jury instructions; those motions will be addressed in a separate order.

4

**8.     No further filings under seal:**

Once this matter is in trial, the Court does not contemplate that any filings will be made under seal. The parties shall take appropriate steps, if necessary, to notify interested parties that specific documents will be used in the public record.

**IT IS SO ORDERED.**

Dated: December 22, 2011

_____
SUSAN ILLSTON
United States District Judge