IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>Defendants.<br>_____/ | No. C 09-0110 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL THE GOVERNMENT TO PRODUCE *BRADY* AND *GIGLIO* DISCOVERY** |

On December 16, 2011, the Court heard argument on defendants' motion to compel. Defendants contend that the government has not complied with its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

In their request for *Brady* discovery, defendants do not claim that the government has withheld exculpatory material. Rather, they argue that the government has an affirmative obligation to identify where in the documents it has produced such material exists. Defendants emphasize the voluminous discovery in this case – by their count, 37 million pages – and assert that the government has "suppressed [the evidence] by burying it within a massive number of documents." Motion at 2.

Typically, the government has no obligation to "single out" particular pieces of exculpatory evidence. *Rhoades v. Henry*, 638 F.3d 1027, 1039 (9th Cir. 2011) (en banc) ("Rhoades points to no authority requiring the prosecution to single out a particular segment of a videotape, and we decline to impose one."); *see also United States v. Mulderig*, 120 F.3d 534, 541 (5th Cir. 1997) ("[T]here is no authority for the proposition that the government's Brady obligations require it to point the defense to specific documents with[in] a larger mass of material that it has already turned over." (quoting *United States v. Mmahat*, 106 F.3d 89, 94 (5th Cir.1997))); *United States v. Warshak*, 631 F.3d 266, 297 (6th

Cir. 2010) (rejecting argument that "the government shrugged off its obligations under Brady by simply handing over millions of pages of evidence and forcing the defense to find any exculpatory information contained therein"). Some courts have identified circumstances in which the government's voluminous production might violate its *Brady* obligations. Those circumstances, however, are a far cry from those in this case:

> We do not hold that the use of a voluminous open file can never violate *Brady*. For instance, evidence that the government "padded" an open file with pointless or superfluous information to frustrate a defendant's review of the file might raise serious *Brady* issues. Creating a voluminous file that is unduly onerous to access might raise similar concerns. And it should go without saying that the government may not hide *Brady* material of which it is actually aware in a huge open file in the hope that the defendant will never find it. These scenarios would indicate that the government was acting in bad faith in performing its obligations under *Brady*.

*United States v. Skilling*, 554 F.3d 529, 577 (5th Cir. 2009), *vacated in part on other grounds*, — U.S. —, 130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010); *see also United States v. Salyer*, 2010 WL 3036444, at *7 (E.D. Cal., August 2, 2010) (finding that government had heightened obligations where it produced "voluminous" discovery to "a singular, individual defendant, who is detained in jail pending trial, and who is represented by a relatively small defense team").

Defendants have made no showing that the government has used its production as a means of concealing *Brady* material. Further, the defendants here are well-resourced, have interests that are largely aligned, and perhaps most importantly, have the benefit of years of participation in the civil cases. Accordingly, the Court rejects defendants' contention that the government must affirmatively identify the location of *Brady* material within its production.

Defendants' request for *Giglio* material asserts that the government has withheld information pertaining to the "plea agreements, immunity agreements, and non-prosecution agreements" the government has with cooperating witnesses. Motion at 14. Although the government has turned over the final, operative agreements to the defense, it has refused to produce "all documentation related to any plea negotiations or internal communications between government agencies that resulted in those agreements." Opp'n at 13; Motion at 14.

The Court agrees with the government that the material the defendants seek is not relevant to the credibility of the government's witnesses. Of course, if there is a separate basis for disclosure – for

2

example, if the documents contain a material inconsistent statement of a witness – the government may have a separate obligation to disclose the materials the defendants seek.

Accordingly, the Court DENIES defendants' motion to compel the government to produce *Brady* and *Giglio* discovery.  Docket No. 424.

**IT IS SO ORDERED.**

Dated: December 23, 2011

SUSAN ILLSTON
United States District Judge