IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 09-0110 SI |
| Plaintiff, | **ORDER RE: PRELIMINARY JURY INSTRUCTIONS** |
| v. | |
| AU OPTRONICS CORPORATION, et al., | |
| Defendants. | |

On December 13, 2011, the Court heard argument on the parties' motions for preliminary jury instructions. Defendants' motion requests a preliminary instruction on the elements of a Sherman Act violation, while the government's motion requests a preliminary instruction on the "alternative fine statute," 18 U.S.C. § 3571(d).

## I. Defendants' Motion

Defendants request a preliminary instruction on the Sherman Act that reflects the foreign nature of much of the alleged conspiracy. Because a significant portion of the conspiracy occurred overseas, defendants argue that the government must prove that defendants' conduct "had a substantial and intended effect on United States commerce." *See United States v. Nippon Paper Indus. Co.*, 109 F.3d 1, 9 (1st Cir. 1997) ("Section One of the Sherman Act applies to wholly foreign conduct which has an intended and substantial effect in the United States."). Defendants also request that the instruction describe the requirements of the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA").

The Court agrees with the government that the standard Ninth Circuit preliminary instruction

1 is appropriate.[1] After hearing the evidence of the conspiracy's domestic component, the Court will
2 consider whether the final instructions should include elements derived from *Nippon Paper* and the
3 FTAIA.

## II. Government's Motion

The government requests a preliminary jury instruction on the alternative fine statute, 18 U.S.C. § 3571(d). Pursuant to this statute, the jury will be asked to find the "[gross] pecuniary gain from the offense." The government asserts that the gross gain from the offense is "the [total] gross gains to the defendants and other participants in the conspiracy from affected sales of TFT-LCD panels anywhere in the world." Motion at 2. Defendants claim that this is an erroneous measure. They argue that: "(1) pursuant to the FTAIA, the relevant commerce is limited to that involving United States 'import trade or commerce'; and (2) the relevant calculation is limited to gains derived or losses caused by AUO, rather than by all Crystal Meeting participants collectively." Opp'n at 2.

The Court agrees with defendants that the "pecuniary gain from the offense" under 18 U.S.C. § 3671(d) must be limited to those gains that derive from the conspiracy's effect on the United States. The "offense" at issue is the conspiracy to fix prices of TFT-LCD panels within the United States. *Cf. United States v. Endicott*, 803 F.2d 506, 514 (9th Cir. 1986) ("United States jurisdiction extends to acts occurring outside its territory if those acts are intended to produce detrimental effects in the United States."). Regardless of the applicability of the FTAIA, the Court does believes that the criminal antitrust laws can reach as far as the government proposes. *Cf. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 582 (1986) ("Respondents cannot recover antitrust damages based solely on an alleged cartelization of the Japanese market, because American antitrust laws do not regulate the competitive conditions of other nations' economies."). The "gross gains" from the conspiracy may include, however, gains resulting from sales of both price-fixed panels and

---

[1] A typical instruction on the elements of a Sherman Act violation lists three elements: "First, that the conspiracy charged existed at or about the time stated in the indictment; second, that the defendant knowingly – that is, voluntarily and intentionally – became a member of the conspiracy charged in the indictment, knowing of its goal and intending to help accomplish it; third, that interstate commerce was involved." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1210 (9th Cir. 1992).

finished products containing those panels.

The Court agrees with the government that the proper measure of "gross gains" under § 3571(d) must include the gains flowing to all conspirators jointly. Defendants have cited no case that explicitly holds that the "gross gain" attributable to an offense must be analyzed on a defendant-by-defendant basis. To the contrary, a conspirator is substantively liable for the acts of his co-conspirators taken in furtherance of the conspiracy. *Pinkerton v. United States*, 328 U.S. 640 (1946). The Court will therefore instruct the jury that the proper measure of "gross gains" under § 3571(d) must include the gains flowing to all members of the conspiracy.

Accordingly, the Court DENIES defendants' proposed preliminary instructions on the elements of the offense and GRANTS IN PART the United States' proposed jury instruction regarding 18 U.S.C. § 3571(d). Docket Nos. 411, 418.

**IT IS SO ORDERED.**

Dated: December 23, 2011

SUSAN ILLSTON
United States District Judge