1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.  CR-09-0110 SI |
| | ) | |
| v. | ) | |
| | ) | |
| AU OPTRONICS CORPORATION; | ) | |
| AU OPTRONICS CORPORATION AMERICA; | ) | JURY INSTRUCTIONS |
| HSUAN BIN CHEN, aka H.B. CHEN; | ) | |
| HUI HSIUNG, aka KUMA; | ) | |
| LAI-JUH CHEN, aka L.J. CHEN; | ) | |
| SHIU LUNG LEUNG, aka CHAO-LUNG | ) | |
| LIANG and STEVEN LEUNG; and | ) | |
| TSANNRONG LEE, aka TSAN-JUNG LEE | ) | |
| and HUBERT LEE; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW</u>

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return - that is a matter entirely up to you.


<u>CHARGE AGAINST DEFENDANTS NOT EVIDENCE-PRESUMPTION OF</u>
<u>INNOCENCE-BURDEN OF PROOF</u>

This is a criminal case brought by the United States government.  The United States charges the defendants in an indictment with violating Title 15 of the United States Code, Section 1, known as Section 1 of the Sherman Antitrust Act.  The defendants on trial are AU Optronics Corporation, AU Optronics Corporation America, and current and former employees of AU Optronics Corporation Hsuan Bin Chen, Hui Hsiung, Lai-Juh Chen, Steven Leung and Hubert Lee.  The United States charges that representatives from corporations that manufacture thin-film transistor liquid crystal display panels ("TFT-LCDs") and certain of their employees engaged in a conspiracy to fix the prices of TFT-LCDs.  TFT-LCDs are used in notebook computers, desktop computer monitors and televisions.

The indictment is not evidence.  The defendants have each pleaded not guilty to the charge.  A defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, a defendant does not have to testify or

present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.


## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.


## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.


## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose;

1   when I have instructed you to consider certain evidence in a limited way, you

2   must do so.

3      3.      Anything you may have seen or heard when the court was not in session is not

4   evidence. You are to decide the case solely on the evidence received at the trial.

5

6   <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

7   Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

8   as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

9   evidence is indirect evidence, that is, it is proof of one or more facts from which you can find

10  another fact.

11  You are to consider both direct and circumstantial evidence.  Either can be used to prove

12  any fact.  The law makes no distinction between the weight to be given to either direct or

13  circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

14

15  <u>CREDIBILITY OF WITNESSES</u>

16  In deciding the facts in this case, you may have to decide which testimony to believe and

17  which testimony not to believe.  You may believe everything a witness says, or part of it, or none

18  of it.

19  In considering the testimony of any witness, you may take into account:

20     1.      the witness's opportunity and ability to see or hear or know the things testified to;

21     2.      the witness's memory;

22     3.      the witness's manner while testifying;

23     4.      the witness's interest in the outcome of the case, if any;

24     5.      the witness's bias or prejudice, if any;

25     6.      whether other evidence contradicted the witness's testimony;

26     7.      the reasonableness of the witness's testimony in light of all the evidence; and

27     8.      any other factors that bear on believability.

28  The weight of the evidence as to a fact does not necessarily depend on the number of

witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## ACTIVITIES NOT CHARGED

You are here only to determine whether the defendants are guilty or not guilty of the charge in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

## SEPARATE CONSIDERATION OF SINGLE COUNT - MULTIPLE DEFENDANTS

A separate crime is charged against each defendant.  The charges have been joined for trial.  You must consider and decide the case of each defendant separately.  Your verdict as to one defendant should not control your verdict as to any other defendant.

All the instructions apply to each defendant unless a specific instruction states that it applies to only a specific defendant.

## JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATIONS AND INTERPRETATION

The Chinese and Korean languages have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters and translations.  Although some of you may know the Chinese and Korean languages, it is important that all jurors consider the same evidence.  Therefore, you must accept the evidence presented in the English interpretation and translations and disregard any different meaning.

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

4

Such opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

You have heard economic evidence, which includes expert testimony about the effect of the alleged conspiracy on United States commerce. This testimony regarding the effect of the conspiracy is admissible as to all defendants. While you may consider expert testimony in making your determination of whether a conspiracy existed and/or whether it had any effect, no expert witness can offer an opinion on the ultimate issue of whether the charged conspiracy existed. That is an issue for the jury to decide.

## CHARTS AND SUMMARIES

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. Those charts and summaries were not admitted in evidence and will not go into the jury room with you. Those summaries and charts are not themselves evidence or proof of any facts. If they did not correctly reflect the facts or figures shown by the evidence in the case, you should disregard those charts and summaries and determine the facts from the underlying evidence.

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based

1  purely on speculation.  It may arise from a careful and impartial consideration of all the

2  evidence, or from lack of evidence.

3      If after a careful and impartial consideration of all the evidence, you are not convinced

4  beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not

5  guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you

6  are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the

7  defendant guilty.

8

9  PRICE FIXING

10     The indictment charges the defendants with conspiring to fix prices.  A conspiracy to fix

11  prices is an agreement or mutual understanding between two or more competitors to fix, control,

12  raise, lower, maintain, or stabilize the prices charged, or to be charged, for products or services.

13     The aim and result of every price-fixing agreement, if successful, is the elimination of

14  one form of competition.

15     A price-fixing conspiracy is commonly thought of as an agreement to establish the same

16  price; however, prices may be fixed in other ways.  Prices are fixed if a target, goal, range or

17  level of prices is agreed upon by the conspirators.  They are fixed because they are agreed upon.

18  Thus, any agreement to raise or lower a price, to set a maximum price, to stabilize prices, to set a

19  price or price range, to set target prices, or to maintain a price is illegal.

20     If you should find that the defendants entered into an agreement to fix prices, the fact that

21  the defendants or their coconspirators did not abide by it, or that one or more of them may not

22  have lived up to some aspect of the agreement, or that they may not have been successful in

23  achieving their objectives, is no defense.

24     Evidence that the defendants and alleged coconspirators actually competed with each

25  other has been admitted to assist you in deciding whether they actually entered into an agreement

26  to fix prices.  If the conspiracy charged in the indictment is proved, it is no defense that the

27  conspirators actually competed with each other in some manner or that they did not conspire to

28  eliminate all competition.  Nor is it a defense that the conspirators did not attempt to collude with

all of their competitors.  Similarly, the conspiracy is unlawful even if it did not extend to all products sold by the conspirators or did not affect all of their customers.

Evidence of the prices actually charged by the defendants has been admitted to assist you in deciding whether they entered into an agreement to fix prices.  Such evidence may lead you to conclude that the defendants never entered into the agreement charged in the indictment or that they did enter into the agreement.  Or such evidence may show that they made an agreement but failed to live up to it, or started undercutting one another right away, or offered prices lower than those agreed upon to customers they did not want to lose, or it may show that they became convinced that the whole scheme was unwise and should be abandoned.  Regardless of this type of evidence, if the conspiracy as charged existed, for any period of time, it was unlawful.

Evidence of similarity of business practices of the defendants and alleged coconspirators, or the fact that they may have charged identical prices for the same goods, does not alone establish an agreement to fix prices, since such activities may be consistent with ordinary and proper competitive behavior in a free and open market.

The defendants and alleged coconspirators may charge the same prices, may copy each other's price lists or may follow and conform exactly to each other's price policies and price changes and such conduct would not violate the Sherman Act, unless you find it was done pursuant to an agreement between two or more conspirators, as alleged in the indictment.

Nevertheless, you may consider such facts and circumstances along with all other evidence in determining whether the evidence of competition, prices actually charged, similarity of business practices, or similarity of prices resulted from the independent acts or business judgment of the defendants and alleged coconspirators freely competing in the open market, or whether it resulted from an agreement among or between two or more of them.

## EXCHANGES OF INFORMATION

Evidence has been introduced concerning the exchange of information about prices between the defendants and employees of other companies manufacturing TFT-LCDs alleged to be coconspirators.  The government claims that such exchanges are part of the evidence

establishing that the defendants entered into an agreement or mutual understanding to fix prices, as alleged in the indictment.

It is not unlawful for a person to obtain information about a competitor's prices or even to exchange information about prices unless done pursuant to an agreement or mutual understanding between two or more persons to fix prices as charged in the indictment. Nevertheless, you may consider such facts and circumstances, along with other evidence, in determining whether there was an agreement or mutual understanding between two or more persons to fix prices as alleged in the indictment.

## IGNORANCE OF ANTITRUST LAWS/GOOD FAITH NO DEFENSE

It is not necessary for the government to prove that the defendants knew that an agreement, combination, or conspiracy to fix prices, as charged in the indictment, is a violation of the law.  Thus, if you find beyond a reasonable doubt from the evidence in the case that a defendant knowingly joined a conspiracy to fix prices, as charged, then the fact that the defendant believed in good faith that what was being done was not unlawful is not a defense.

## VENUE

Before you can find a defendant guilty of committing the crime charged in the indictment, you must find by a preponderance of the evidence that, between September 14, 2001 and December 1, 2006, the conspiratorial agreement or some act in furtherance of the conspiracy occurred in the Northern District of California.  This district includes San Francisco, San Mateo, Santa Clara, Alameda, Contra Costa, Marin, Sonoma, Napa, Del Norte, Humboldt, Lake, Mendocino, Monterey, Santa Cruz, and San Benito counties.

To prove something by a preponderance of the evidence is to prove it is more likely true than not true.  This is a lesser standard than "beyond a reasonable doubt."

## DISPOSITION OF CHARGES AGAINST COCONSPIRATORS

For reasons that do not concern you, the case against several alleged coconspirators of

the defendants is not before you.  Do not speculate why.  That fact should not influence your verdicts with respect to the defendants, and you must base your verdict solely on the evidence against the defendants.

## APPLICATION OF THE SHERMAN ACT

The Sherman Act applies to conspiracies that occur, at least in part, within the United States.  The Sherman Act also applies to conspiracies that occur entirely outside the United States if they have a substantial and intended effect in the United States.  Thus, to convict the defendants you must find beyond a reasonable doubt one or both of the following:

(A)     that at least one member of the conspiracy took at least one action in furtherance of the conspiracy within the United States, or

(B)     that the conspiracy had a substantial and intended effect in the United States.


## ELEMENTS OF THE OFFENSE

In order to establish the offense of conspiracy to fix prices charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the conspiracy existed at or about the time stated in the indictment;

*Second*, that the defendants knowingly - that is, voluntarily and intentionally - became members of the conspiracy charged in the indictment, knowing of its goal and intending to help accomplish it; and

*Third*, that the members of the conspiracy engaged in one or both of the following activities:

(A)     fixing the price of TFT-LCD panels targeted by the participants to be sold in the United States or for delivery to the United States; or

(B)     fixing the price of TFT-LCD panels that were incorporated into finished products such as notebook computers, desktop computer monitors, and televisions, and that this conduct had a direct, substantial, and reasonably foreseeable effect on trade or commerce in those finished products sold in the United States or for delivery to the United States.  In determining whether the conspiracy had such an effect, you may consider the total amount of trade or commerce in those finished products sold in the United States or for delivery to the United States; however, the government's proof need not quantify or value that effect.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

## CONSPIRACY EXPLAINED

The type of relationship condemned by the Sherman Act as a conspiracy is often described as a "partnership in crime," in which each person found to be a member of the conspiracy is liable for all acts and statements of the other members made during the existence of and in furtherance of the conspiracy. To create such a relationship, two or more persons must enter into an agreement or mutual understanding that they will act together for some unlawful purpose or to achieve a lawful purpose by unlawful means.

In order to establish the existence of a conspiracy, the evidence need not show that the members of the conspiracy entered into any express, formal, or written agreement; that they met together; or that they directly stated what their object or purpose was, or the details of it, or the means by which the object was to be accomplished. The agreement itself may have been entirely unspoken. What the evidence must show in order to prove that a conspiracy existed is that the alleged members of the conspiracy in some way came to an agreement or mutual understanding to accomplish a common purpose.

Direct proof of a conspiracy may not be available. A conspiracy may, however, be disclosed by the circumstances or by the acts of the members. Therefore, you may infer the existence of a conspiracy from what you find the parties actually did, as well as from the words they used. Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and may have met or assembled together and discussed common aims and interests, does not necessarily establish the existence of a conspiracy. If actions were taken independently by them, solely as a matter of individual business judgment, without any agreement or mutual understanding among them, then there would be no conspiracy.

A conspiracy may vary in its membership from time to time.  It may be formed without all parties coming to an agreement at the same time, knowing all the details of the agreement, or knowing who all the other members are.  It is not essential that all members acted exactly alike or agreed to play any particular part in carrying out the agreement.  The unlawful agreement may be shown if the proof establishes that the parties knowingly worked together to accomplish a common purpose.

In determining whether a conspiracy has been proved, you must view the evidence as a whole and not piecemeal.  You should consider the actions and statements of all the alleged conspirators.  The conspiracy may be inferred from all the circumstances and the actions and statements of the participants.  Acts that are by themselves wholly innocent acts may be part of the sum of the acts that make up a conspiracy to restrain trade in violation of the Sherman Act.

A conspiracy ends only when its purposes and objectives have been accomplished or all the parties to the conspiracy abandon or terminate it.

PERIOD OF CONSPIRACY

The indictment charges that the alleged conspiracy began on or about September 14, 2001 and continued until on or about December 1, 2006. The government need not prove that the conspiracy existed on those exact dates or that the conspiracy continued for the entire period charged in the indictment.  It is sufficient if the government proves beyond a reasonable doubt that the conspiracy existed during or reasonably near the time period alleged in the indictment, and that the defendant joined the conspiracy some time during the period alleged in the indictment and continued to be a member to a time within the period of the statute of limitations, which, for purposes of this case, is the period from June 9, 2005 through June 9, 2010.

The indictment alleges that different defendants joined the conspiracy on or about different dates:

| | |
|---|---|
| AU Optronics Corporation: | September 14, 2001 |
| AU Optronics Corporation America: | Spring 2003 |
| Hsuan Bin Chen: | October 19, 2001 |
| Hui Hsiung: | October 19, 2001 |
| Lai-Juh Chen: | February 13, 2003 |
| Shiu Lung Leung: | May 15, 2002 |

Tsannrong Lee:                    January 11, 2002

## STATUTE OF LIMITATIONS

As I have explained, the indictment charges that the alleged conspiracy began on or about September 14, 2001 and continued until on or about December 1, 2006.

A five-year statute of limitations applies to the alleged conspiracy.  The grand jury returned its indictment against defendants on June 9, 2010.  This means that a defendant cannot be found guilty unless you find beyond a reasonable doubt that the conspiracy existed at some time within the period of the statute of limitations, which is the period beginning from June 9, 2005 and continuing until June 9, 2010.  One way the government can prove the conspiracy existed in this period is to prove that one or more members of the conspiracy performed some act after June 9, 2005 and before June 9, 2010 in furtherance of the purposes and objectives of the conspiracy.

You may consider evidence of a defendant's conduct prior to June 9, 2005, insofar as it tends to prove or disprove the existence of the conspiracy and the defendants acts after that date.

## KNOWINGLY JOINING THE CONSPIRACY

As previously noted, the second element the government must prove beyond a reasonable doubt for you to find a defendant guilty is that the defendant knowingly joined the conspiracy charged in the indictment.  To act "knowingly" means to act voluntarily and intentionally, and not because of a mistake, accident, or other innocent reason.  Therefore, before you may convict a defendant, the evidence must establish that the defendant joined the conspiracy to fix prices with the intent to aid or advance the object or purpose of the conspiracy.

A person may become a member of a conspiracy without full knowledge of all the details of the conspiracy, the identity of all of its members, or the parts they played in the charged conspiracy.  Knowledge of the essential nature of the conspiracy is enough.  On the other hand, a person who has no knowledge of a conspiracy but who happens to act in a way which furthers some object or purpose of the conspiracy does not thereby become a member of the conspiracy.  Similarly, mere knowledge of a conspiracy without participation in the

conspiracy is also insufficient to make a person a member of the conspiracy.

But a person who knowingly joins an existing conspiracy, or participates in part of the conspiracy, with knowledge of the overall conspiracy, is just as responsible as if he had been one of the originators of the conspiracy or had participated in every part of it. Likewise, a person who knowingly directs another to implement the details of the conspiracy is just as responsible as if he participated in every part of it, including its origin.

Your determination whether a defendant knowingly joined the conspiracy must be based solely on the actions of the defendant as established by the evidence. You should not consider what others may have said or done to join the conspiracy. Membership of a defendant in this conspiracy must be established by evidence of his or its own conduct - by what he or it said or did.

If you find that a defendant joined the conspiracy, then the defendant is presumed to remain a member of the conspiracy and is responsible for all actions taken in furtherance of the conspiracy until the conspiracy has been completed or abandoned or until the defendant has withdrawn from the conspiracy.

<u>GROSS PECUNIARY GAIN</u>

The government does not have to prove that anyone derived any particular amount of monetary or economic gain from the alleged conspiracy or that the alleged conspiracy caused any particular amount of monetary or economic harm in order for you to find a defendant guilty of the offense. To find a defendant guilty, all that you must find is that the government has proven the elements of the offense, which I previously described.

However, you have heard economic evidence, which includes testimony about the alleged gain derived from the alleged conspiracy. The testimony regarding the amount of the alleged gain from the alleged conspiracy is admissible only against the corporate defendants, AUO and AUOA, for a limited purpose. Specifically, the testimony regarding the amount of the alleged gain may be considered by you only if you find AUO or AUOA guilty of the charged conspiracy.

If you find one or both of the corporate defendants, AU Optronics Corporation and AU Optronics Corporation America, guilty following the presentation of evidence and your deliberations, you must then determine whether the government has proven beyond a reasonable doubt that any of the defendants or other participants in the conspiracy derived monetary or economic gain from the conspiracy.  If you find that any of the participants derived such gain, you will then make findings regarding the total gross gain from the conspiracy.

In determining the gross gain from the conspiracy, you should total the gross gains to the defendants and other participants in the conspiracy from affected sales of (1) TFT-LCD panels that were manufactured abroad and sold in the United States or for delivery to the United States; or (2) TFT-LCD panels incorporated into finished products such as notebook computers and desktop computer monitors that were sold in the United States or for delivery to the United States.  Gross gain is the additional revenue to the conspirators from the conspiracy.  That total gain should not be reduced by any taxes or costs associated with the sales of those products.

## CORPORATIONS

Two of the defendants are corporations.  A corporation is a legal entity, and it may be found guilty of a criminal offense.  A corporation is entitled to the same fair trial as a private individual.  It is entitled to the same presumption of innocence as private individuals, and it may be found guilty only if the evidence establishes such guilt beyond a reasonable doubt.  All persons, including corporations, stand equal before the law.

Under the law, a corporation is a person, but it can only act through its agents - such as its directors, officers, employees, or others acting on its behalf.  A corporation is legally bound by the acts and the statements of its agents acting on its behalf, done or made within the scope of their employment or their actual or apparent authority.  In order for a corporation to be legally responsible for the acts or statements of its agents, you must find that the agent was acting within the scope of employment or with actual or apparent authority.  If you conclude that any agent of a corporation, acting within the scope of employment or with actual or apparent authority, knowingly and intentionally participated in the offense charged in the indictment, then

that corporation is liable for that offense.

Acts done within the scope of employment or with actual or apparent authority are acts performed on behalf of a corporation and directly related to the performance of the duties the agent has general authority to perform.  Apparent authority is the authority that outsiders could reasonably assume the agent would have, judging from his position with the company, the responsibilities previously entrusted to him or his office, and the circumstances surrounding his past conduct.

To be acting within the scope of his employment or with actual or apparent authority, the agent first must have intended that his act would produce some benefit to the corporation.  The agent's acts or statements need not actually have resulted in any benefit to the corporation.  As long as the agent intended to benefit the corporation in some manner, the fact that he may also have acted for other reasons as well, such as for his own personal benefit, is of no consequence.

## CORPORATE OFFICER – INDIVIDUAL LIABILITY

A corporate officer, such as a president of a company, is subject to prosecution under Section 1 of the Sherman Act whenever he knowingly participates in effecting the illegal conspiracy by directly participating in the conspiracy and/or indirectly or directly authorizing, ordering, or consenting to the participation of a subordinate in the crime.  A person is responsible for conduct that he performs or causes to be performed on behalf of a corporation just as though the conduct were performed on his behalf.

To find a defendant liable for the acts of a subordinate as distinguished from his own acts, you must find beyond a reasonable doubt that the defendant knew of the existence of the conspiracy and knowingly authorized, ordered, or consented to the participation of a subordinate in that conspiracy.

On the other hand, a person who has no knowledge of a conspiracy, but who happens to act in a way which furthers some purpose of the conspiracy, does not thereby become a member of the conspiracy.  Moreover, a person is not responsible for the conduct of others performed on behalf of a corporation merely because that person is an officer, employee, or other

agent of the corporation.

For purposes of these instructions, to "participate knowingly" means to encourage, advise, or assist for the purpose of furthering the conspiracy.

## ACTS AND STATEMENTS OF COCONSPIRATORS - ADMISSIBILITY AND USE

If you find beyond a reasonable doubt that a defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and/or without the defendant's knowledge.

Before you may consider the statements or acts of a conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence and in furtherance of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to be a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, then they may be considered by you as evidence only against the person who did or said them.

## TESTIMONY OF CERTAIN WITNESSES

You have heard testimony from J.Y. Ho of CMO, Brian Lee of CPT, and C.C. Liu of CPT, witnesses who pleaded guilty to a crime arising out of the same events for which the defendant is on trial and received favored treatment from the government in connection with this case. The guilty pleas are not evidence against the defendants, and you may consider them only in determining these witnesses' believability.

In addition, you have heard testimony from Michael Wong, who received immunity. His testimony was given in exchange for a promise by the government that he will not be prosecuted.

For these reasons, in evaluating the testimony of these witnesses, you should

consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of  J.Y. Ho, Brian Lee, C.C. Liu, and Michael Wong with greater caution than that of other witnesses.

1

2                                    <u>DUTY TO DELIBERATE</u>

3          When you begin your deliberations, elect one member of the jury as your

4   foreperson who will preside over the deliberations and speak for you here in court.

5          You will then discuss the case with your fellow jurors to reach agreement if you

6   can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

7          Each of you must decide the case for yourself, but you should do so only after you

8   have considered all the evidence, discussed it fully with the other jurors, and listened to the

9   views of your fellow jurors.

10         Do not be afraid to change your opinion if the discussion persuades you that you

11  should. But do not come to a decision simply because other jurors think it is right.

12         It is important that you attempt to reach a unanimous verdict but, of course, only

13  if each of you can do so after having made your own conscientious decision.  Do not change an

14  honest belief about the weight and effect of the evidence simply to reach a verdict.

15

16          <u>CONSIDERATION OF EVIDENCE - CONDUCT OF THE JURY</u>

17         Because you must base your verdict only on the evidence received in the case and

18  on these instructions, I remind you that you must not be exposed to any other information about

19  the case or to the issues it involves.  Except for discussing the case with your fellow jurors

20  during your deliberations:

21              Do not communicate with anyone in any way and do not let anyone else

22              communicate with you in any way about the merits of the case or anything to do

23              with it.  This includes discussing the case in person, in writing, by phone or

24              electronic means, via email, text messaging, or any Internet chat room, blog,

25              website or other feature.  This applies to communicating with your family

26              members, your employer, the media or press, and the people involved in the trial.

27              If you are asked or approached in any way about your jury service or anything

28              about this case, you must respond that you have been ordered not to discuss the

                                              19

matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

## USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.