IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HUI HSIUNG and HSUAN BIN CHEN,<br><br>    Defendants.<br>_____/ | No. CR 09-110 SI<br><br>**ORDER STATING REASONS FOR DENYING DEFENDANTS' MOTIONS FOR BAIL PENDING APPEAL** |

On September 20, 2012, the Court held a hearing on the motions for bail pending appeal filed by defendants Hui Hsiung, a/k/a Kuma, and Hsuan Bin Chen, a/k/a H.B. Chen. The Court denied the motions on the record, and defendants filed notices of appeal. On December 21, 2012, the Ninth Circuit Court of Appeals filed an order remanding those appeals for the limited purpose of enabling this Court to state the reasons for denying defendants' motions for bail pending appeal. In accordance with the Ninth Circuit's limited remand, the Court hereby issues this order.

**DISCUSSION**

18 U.S.C. § 3143(b)(1) provides in relevant part:

> [A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . [shall] be detained, unless the judicial officer finds -
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–

          (i) reversal,
          (ii) an order for a new trial,
          (iii) a sentence that does not include a term of imprisonment, or
          (iv) a reduced sentence to a term of imprisonment less than the total
          of the time already served plus the expected duration of the appeal
          process.

18 U.S.C. § 3143(b). "[P]roperly interpreted, 'substantial' defines the level of merit required in the question presented and 'likely to result in reversal or an order for a new trial' defines the type of question that must be presented." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985). To demonstrate a "substantial question," the defendant must show an appellate issue that is "fairly debatable." *Id.* at 1281.

The Court denied defendants' motions for bail pending appeal because defendants did not meet their burden to show that their appeals raise "a substantial question of law or fact" for purposes of title 18 U.S.C. section 3143(b). Chen asserted that his appeal raises four substantial questions of law, and Hsiung identified three of the same questions. Specifically, defendants argued that the following questions were "substantial": (1) whether there was sufficient evidence of venue in the Northern District of California; (2) whether *Metro Industries Inc. v. Sammi Corporation*, 82 F.3d 839 (9th Cir. 1996), applies to this case; (3) whether the Sherman Act applies extraterritorially to criminalize foreign conduct; and (4) whether there was sufficient evidence of commerce under either exclusion to the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA"). Defendants raised these same issues in their unsuccessful motion for judgment of acquittal after trial. The Court denied that motion in an order filed June 11, 2012. Docket No. 923.

As set forth in greater detail in the Court's June 11, 2012 order, the Court concludes that the government presented evidence from which the jury could conclude that the conspiracy, while born abroad, extended into this district. This evidence includes the fact that employees of AUO and AUOA were located in this District throughout the relevant time period, and that Hewlett-Packard maintained a procurement office in this District from 2001 until mid-2002. Further, the Court finds no threat of a serious miscarriage of justice based on the venue finding. Thus, defendants' challenge to venue is not a "substantial" question.

On the second question, defendants argued that, pursuant to *Metro Industries Inc. v. Sammi*

2

*Corporation*, 82 F.3d 839 (9th Cir. 1996), Sherman Act violations based on foreign conduct are subject to a rule-of-reason analysis, and do not constitute a *per se* violation of antitrust laws as alleged in the Indictment. The Court rejected that argument in an Order Denying Defendants' Motion to Dismiss the Indictment and For a Bill of Particulars, Docket No. 250; *United States v. Chen*, 2011 WL 332713 (N.D. Cal. 2011), and again in the June 11, 2012 order. The *Metro Industries* case is factually and legally distinguishable from this case because, *inter alia*, the alleged restraint in *Metro Industries* involved a "previously unexamined business practice," and the court found that the "novelty of this arrangement" required the rule of reason analysis. *Metro Industries*, 82 F.3d at 844. *Metro Industries* did not address the mens rea standard in a criminal antitrust price fixing prosecution involving foreign conduct. Accordingly, the applicability of *Metro Industries* does not present a "substantial" question.

On the third question, the Court has repeatedly held that the Sherman Act applies to foreign conduct that was intended to produce, and did produce, an effect in the United States. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 796-97 & n. 24 (1993). Defendants have not shown that this is a "substantial" question.

Finally, with regard to the FTAIA exclusions, the jury was instructed:

> In order to establish the offense of conspiracy to fix prices charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:
>
> * * *
>
> Third, that the members of the conspiracy engaged in one or both of the following activities:
>
> (A)  fixing the price of TFT-LCD panels targeted by the participants to be sold in the United States or for delivery to the United States; or
>
> (B)  fixing the price of TFT-LCD panels that were incorporated into finished products such as notebook computers, desktop computer monitors, and televisions, and that this conduct had a direct, substantial, and reasonably foreseeable effect on trade or commerce in those finished products sold in the United States or for delivery in the United States . . .

Final Jury Instructions at 10, Docket No. 829. The jury was instructed on both of the FTAIA exceptions and found beyond a reasonable doubt that the government's evidence sufficed. The Court finds that, based on the evidence presented at trial, a reasonable jury could have found that the price-fixing conspiracy involved import commerce and that the conspiracy, which extended to the United States, had

a "direct, substantial, and reasonably foreseeable effect" on that import commerce. Thus, defendants have not shown a "substantial" question as to the sufficiency of the evidence on this point.

**IT IS SO ORDERED.**

Dated: December 21, 2012

SUSAN ILLSTON
United States District Judge